J. A. WOTRING AND SON ET AL. v. INDEMNITY IMPROVEMENT COMPANY.

Decided February 16, 1907.

**Appointment of Receiver.**

A. owned a tract of timber land and B. owned a saw mill; by a contract in writing between the parties A. employed B. to cut the timber on said land into lumber at an agreed price, B. to set up his mill on the land within a certain time; it was understood at the time the contract was made that A. would sell his land and assign the contract; the plaintiff became the purchaser and assignee with full knowledge of the terms of the contract; nothing was said in the contract about the removal of the mill nor about its remaining on the land after the completion of the work; on the ground that B. had abandoned the contract and that it would suffer irreparable injury plaintiff prayed for the appointment of a receiver to take charge of and operate the mill, claiming that the agreement constituted a partnership and that the mill and appurtenant machinery were fixtures on the land. Held, the mill and machinery were not fixtures; defendant had the right to remove them upon termination of the contract; plaintiff and defendant were not partners, and consequently plaintiff was not entitled to have a receiver appointed.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Fleming & Fleming,* for appellants.—According to the allegations in its petition, appellee did not own the saw mill outfit sought to be placed in the hands of a receiver. Moody v. Aiken, 50 Texas, 65; Harkey v. Cain, 69 Texas, 150; Wright v. Macdonnell et al., 88 Texas, 140; Ewing v. Miles, 12 Texas Civ. App., 19; 19 Cyc., pp. 1065, 1077, 1041; 18 Am. & Eng. Enc. of Law, pp. 170, 1127, 1150; 7 Am. & Eng. Enc. of Law, p. 122; 1 Pomeroy's Equity Jurisprudence, pp. 459, 460; Anderson Law Dic., p. 621; 5 Lawson's Rights and Remedies, sec. 2668; 2 Bouvier Law Dic., p. 222.

Under the allegations in the petition, the appellants, Wotring & Son, were either tenants or lessees, who brought and erected on the land of assignor of appellee the property in question for the purpose of sawing the amount of timber which appellants later refused to saw, such refusal gave a right of action for damages by virtue of the alleged breach of contract, but no right for a receiver of the property arose thereby. 18 Am. & Eng. Ency. of Law, 170.

*R. A. John* and *H. P. Barry,* for appellee.—Where the bill and sup-

porting affidavits show that plaintiff has an interest, or "probable" interest in any property or fund, or the proceeds thereof, and where it is shown that the property or fund is in danger of being lost, removed or materially injured, a receiver will be appointed, upon the application of plaintiff, to take charge of and preserve the property in controversy during the pendency of the suit. Art. 1465, Rev. Stats., 1895; Cotton v. Rand, 92 S..W. Rep., 266.

Where a sawmill and appurtenances, consisting of engines, boilers and machinery, are placed upon the premises of another, on brick foundations embedded in the soil, sheltered by substantial buildings of a permanent nature, said mill erected to saw a large body of timber into lumber, under a contract with the owner of said timber, being in the nature of a joint enterprise, in the absence of agreement between the parties, said mill becomes a part of the realty. Brown v. Roland, 92 Texas, 56; Markle v. Stackhouse et al., 44 S. W. Rep., 808; Jones v. Bull, 85 Texas, 136; Newhoff v. Mayo, 27 Am. St. Rep., 457.

Where a lessee during the existence of his lease forfeits the same, he thereby forfeits the right of removal of fixtures. 13 Am. & Eng. Ency. Law, p. 650; Kutter v. Smith, 2 Wall., 493.

REESE, Associate Justice.—On September 27, 1906, upon application of the Indemnity Improvement Company, in a suit that day filed by it against J. A. Wotring & Son, a receiver was appointed by the Judge of the Fifty-eighth Judicial District in Chambers and without notice to the defendants, to take possession of and operate a certain saw mill and appurtenant machinery then being on the land of plaintiff. On October 8 appellants filed a motion asking that a motion to vacate the receivership be set down for hearing, and on October 13 having filed a full answer to plaintiffs' petition appellants filed a formal motion to vacate said receivership, which was by the court overruled, and the appointment of the receiver confirmed. From this order defendants prosecute this appeal.

Upon the hearing of the motion to vacate the receivership evidence was introduced by affidavit in support of and resistance to the motion.

It will not be necessary to look beyond the allegations of the plaintiff's petition to dispose of the appeal.

Although the statement is made, upon oath, in the petition that plaintiff is the owner of the mill and machinery, further allegations in the petition effectually contradict this statement and show that it has no foundation in fact. The material facts are as follows: On December 7, 1904, J. A. Wotring & Son, appellants, were the owners of a certain saw mill located at Batson in Hardin County, and Ward & Bunch, a firm composed of W. A. Ward and C. T. Bunch, were the owners of a tract of 472 acres of timbered land in Jefferson County. On that day the parties entered into a written contract by the terms of which Ward & Bunch employed Wotring & Son to cut the timber on said land into lumber. Wotring & Son were to remove their mill and set it up on the tract of land in question within thirty days from the date of the agreement, and were to saw all of the timber on said land and other timber, if purchased by Ward & Bunch, within one and a half miles of the mill. The manner in which the lumber should be cut, sizes, etc., and the price to

be paid by Ward & Bunch therefor were carefully provided for in the contract. It was stated that whereas it was contemplated by Ward & Bunch to incorporate a Townsite Company to. take over the land aforesaid, they should have the right to assign the contract to said Townsite Company. In pursuance of this plan the appellee company was afterwards formed which took over the land, and to which the contract was. assigned, C. T. Bunch being the secretary and treasurer of such company.

The contract contains a stipulation that if Ward & Bunch were not able at any time to market the product of the mill, or a sufficient part thereof to warrant them in their judgment to continue the operation,· they should have the right on thirty days notice to Wotring & Son to cancel the contract, paying Wotring & Son $300 as a bonus. Afterwards there were changes in the contract which did not affect its character in any matter material to the issues here involved. There was nothing said in the contract with regard to the removal of the mill after the completion of the work nor about its remaining on the land, but by affidavit of F. H. Wotring it was stated that at the time of the execution of the contract it was expressly agreed that Wotring & Son should have the right to remove the mill after the completion of their contract. This does not seem to have been denied by affidavit at the hearing, but we do not consider the matter material. This would follow from the terms of the contract unless it was provided otherwise.

The appointment of the receiver was sought on the ground that appellants had abandoned their contract and had ceased to operate the mill and that appellee would be irreparably damaged unless the mill continued to be operated, the particular items of such damage being set out.

It was alleged in the petition that the agreement constituted a partnership and that appellee had an interest in the property which required for its protection the appointment of a receiver. Also that the mill and appurtenant machinery were so fastened to the soil as to be a part of the realty and as such had passed to appellee by the conveyance of the land to it by Ward & Bunch.

Appellee necessarily had full notice at the time they took over the land of the terms of the contract upon which the mill had been placed upon the land.

The mill and appurtenant machinery were not a part of the realty. It was, as shown by the allegations of the petition and other evidence, affixed to the soil in the same manner such property is generally so fixed. Under the terms of the contract appellants had the right to remove it at the termination of the contract whether such right was reserved in the contract or not. The contract shows clearly that the mill was not to become a part of the realty or to cease to be the property of appellants. Appellants never at any time had any interest in the land. (13 Am. & Eng. Ency. of Law, 640, et seq; Cullers & Henry v. James, 66 Texas, 498; Wright v. Macdonnell, 88 Texas, 146; Jones v. Bull, 85 Texas, 139.)

Neither had appellee any interest, or ·probable interest, in ,the mill within the meaning of those terms as used in article 1465, Revised Statutes, and in Cotton v. Rand (92 S. W. Rep., 266). There was not an element of copartnership between appellee and appellants. The very terms of the contract are that appellants were employed by Ward &

Bunch to cut the timber on the land into lumber, using their own saw-mill for that purpose. The suit is simply one for damages for the alleged breach by appellants of their contract to cut the timber. Appellee had no right to the appointment of a receiver to take charge of the tools with which appellants were to do the work, and complete their contract. The pleadings of appellee and the evidence, show that no emergency existed for the appointment of the receiver without notice, if such appointment had been justified at all. (Haywood v. Scarborough, 92 S. W. Rep., 815.) This, however, would not be ground for reversal of the order refusing to vacate the receivership and confirming such appointment. (Cotton v. Rand, *supra*.)

The judgment of the court overruling the motion to vacate the receivership and confirming the appointment, as well as the original order of appointment, are reversed and the cause is remanded to the District Court with instructions to vacate the receivership and discharge the receiver, with appropriate orders restoring appellants to the possession of the property.

*Reversed and remanded.*