WAGGONER BANK & TRUST COMPANY v. GAMER COMPANY ET AL.

No. 2709.   Decided June 18, 1919.

(213 S. W., 927).

### 1.—Check—Payment.

The receipt of a debtor's check on a bank for the amount of his indebtedness does not constitute payment thereof in the absence of an agreement so to receive it.   (P. 11).

### 2.—Bank—Check Received for Collection—Negligence.

A bank receiving for collection a check drawn on another bank and forwarding it for collection to a. correspondent bank in good standing, becomes liable to the payee thereof only in case of its own negligence.   Such negligence is not shown where it gave timely notice of the refusal of the bank on which it was drawn to remit the amount, it having become insolvent, after it had surrendered the check to the drawer and charged it to his account.   The fact that it did not return the check so surrendered to the payee did not prevent the latter from taking steps against the drawer or the drawee for his own protection.   (Pp. 12, 13).

### 3.—Same—Case Stated.

The Sagerton Hardware & Fur. Co. gave the Gamer Co. a check on the First Bank of Sagerton for its indebtedness for merchandise.   The payee deposited it with the Waggoner Bank & Tr. Co. of Ft. Worth for collection and was credited with the amount by that bank, which then forwarded it in the usual course of business to the City National Bank of Dallas.   This bank, also in its usual course of business, forwarded the check to the bank on which it was drawn, which was the only bank in Sagerton, for payment and remittance.   The latter, with whom the drawer had made arrangements to meet the check, on presentment, and which then had money to pay it if presented over its counter, marked it paid and surrendered it to the drawer. Thereafter it notified the City National Bank that it could not remit the amount, and subsequently it suspended payment.   The City Natl. notified the Waggoner bank of the failure to remit and the latter notified the Gamer Co.,  Both banks were found not to have been negligent in handling the check.   *Held* that the Waggoner bank was not liable to the Gamer Co. for its amount.   (Pp. 9-14).

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County

The Gamer Co. sued the Waggoner Bank & Trust Co., the City National Bank and the Sagerton Hardware & Fur. Co.   It recovered judgment against the last named, but not against either bank.   Both Gamer Co. and the Hardware & Fur. Co. appealed.   The judgment was reversed and rendered (166 S. W., 428) in favor of the Hardware & Fur Co. against the Gamer Co. and in favor of the latter against the Waggoner Bank & Trust Co., and the last named only applied for and obtained writ of error.

*Wray & Mayer,* for plaintiff in error.—It is the law of this state that it is negligence for a bank to send an item for collection on the drawee bank. This is the universal rule in America, both in state and federal courts, with the exception of the State of New York, and even the authority of that state is greatly weakened by many of its cases. The entire proposition is reviewed as well as the authorities cited in the case of Pinkney v. Kanawha Bank, 69 S. E., 1012, by possibly one of the ablest courts in America. It were an idle matter to rehash any of that discussion, and we respectfully invite the serious attention of the court to this finely considered case.

In the present case, sending the item to the Sagerton bank was the negligence of the City National Bank itself, against which it, in our opinion, could not contract. When a bank selects a subagent to aid it in making a collection, it is only obliged to exercise reasonable care in the selection. Having done so, it has filled the measure of its duty, but this principle has no application to the identical point, for the legal mind cannot conceive of such an anomaly as one bank acting as the agent of another to make a collection against itself. Such a proposition is neither sanctioned by business-like prudence, discretion or the law.

Should the court reverse the case, nevertheless no judgment should be rendered against the Waggoner Bank; judgment alone should be rendered against the City National Bank of Dallas, for that appellant in its amended pleadings avers that the check was delivered to the City National Bank of Dallas for collection for appellant, who makes the City National Bank its agent to accomplish the collection.

*Cockrell, Gray & McBride, for City National Bank.*—There was no agency or privity of contract between the Gamer Company and the City National Bank and the latter was the agent of and responsible only to the Waggoner Bank & Trust Company and not to the Gamer Company. City Bank v. Weiss, 67 Texas, 331; Schumaker v. Trent, 44 S. W., 460; State National Bank v. Thomas Mfg. Co., 42 S. W., 1016.

A bank receiving a check for collection at a distant place has a right to stipulate the terms and conditions under which it will accept the employment, and terms and liabilities cannot be imposed upon it without its consent, the employment for the collection being merely a contract, requiring the assent of both parties; and therefore, the City National Bank having made a contract of agency with its principal the Waggoner Bank & Trust Company that it would undertake the collection of the items in controversy only on condition that it be permitted to send the collections directly to the Bank on which they were drawn, it was guilty of no negligence or default in the performance of its contract in sending the items to the Sagerton Bank direct. Schumacher v. Trent, 44 S. W., 460; State National Bank v. Thomas

Mfg. Co., 42 S. W., 1016; City Bank v. Weiss, 67 Texas, 331; Ex. Nat. Bank v. Third National Bank, 112 U. S., 276.

*Capps, Cantey, Hanger & Short,* and *David B. Trammell,* for Gamer Co.—Appellant The Gamer Company having endorsed the check for $1435.88 drawn in its favor by Sagerton Hardware & Furniture Company, to the order of Waggoner Bank & Trust Company, and having deposited such check with such bank in the ordinary course of business, without notice of any custom or usage whatever, if any, obtaining with reference to the collection of similar checks, and without knowledge of the method or agencies which would be employed by Waggoner Bank & Trust Company in the collection of such check, and having given no instructions with reference to the collection thereof, and having received in the usual and ordinary way credit in its pass book and the books of the bank for such item, and Waggoner Bank and Trust Company having debited appellant The Gamer Company with $3.60 collection charges, any agent employed by the Waggoner Bank & Trust Company in the collection of such check became and was the agent of such bank, and not of appellant, The Gamer Company, and Waggoner Bank & Trust Company was and is liable directly to appellant The Gamer Company for all losses suffered by it through the negligence of the agents so employed by Waggoner Bank & Trust Company in the collection of such check. State National Bank of Fort Worth v. Thomas Mfg. Co.. 17 Texas Civ. App., 214, 42 S. W., 1016, 1017; Kirkpatrick v. San Angelo National Bank, 148 S. W., 362-365; First National Bank of Worsham v. Quinby, 131 S. W., 429-431; Farmers & Merchants National Bank of Center v. Merchants National Bank of Houston, 136 S. W., 1120-1124; Schumacher v. Trent, 18 Texas Civ. App., 17, 44 S. W., 460; Bank of Sherman v. Weiss, 67 Texas, 331; Brown v. Peoples Bank for Savings of St. Augustine, 52 So. (Fla.) 719, 720; First Nat. Bank v. City Nat. Bank, 166 S. W., 689; Same case, 168 S. W., 415; Exchange National Bank v. Third National Bank, 112 U. S. 276, 5 Sup. Ct. Rep., 121, 28 L. Ed. 722; Balcomb v. Old National Bank, 201 Fed., 679; Smith v. National Bank of D. O. Mills Co., 191 Fed., 227; City National Bank v. Cooper & Griffin, 74 S. E., (S. C.) 366, 368; Reeves, Stephens & Co. v. State Bank of Ohio, 8 Ohio St. 466.

It was the duty of the First Bank of Sagerton, the agent of appellee, City National Bank of Dallas, and the subagent of Waggoner Bank & Trust Company to remit the proceeds of the check immediately upon collection thereof from the drawer. And the debiting of the account of Sagerton Hardware & Furniture Company, with First Bank of Sagerton by the latter with the amount of the check in controversy, under the arrangement between the latter bank and Sagerton Hardware & Furniture Company, as testified to and found by the

trial court, and at a time when the latter bank had the cash to pay same, was the collection of the check in question, so far as appellant The Gamer Company, and appellee banks are concerned, and the relation of debtor·and creditor thereupon immediately arose between Waggoner Bank & Trust Company and appellant (if such relation, in a qualified sense, at least, did not already exist) which was not affected by First Bank of Sagerton's failure to remit to City National Bank of Dallas the proceeds of the check. Waggoner Bank and Trust Company was and is, therefore, liable to appellant The Gamer Company for the balance due upon the check. Hubbard & Gray v. Petty, 85 S. W., 509; Hoskins v. Daugherty, 69 S. W., 103;· Pollack Bro. v. Niall-Herin Co., 72 S. E. (Ga.) 415, 35 L. R. A. (N. S.) 13, and the many authorities cited in note ·on pages 35-39 of the last named report; Montgomery County v. Cochran, 126 Fed., 456-460; O'Leary v. Abeles, 57 S. W. (Ark.), 791; Winchester Milling Co. v. Bank of Winchester, 120 Tenn., 225, 18 L. R. A. (N. S.) 441; O. A. Smith Roofing & Contracting Co. v. Mitchell, 45 S. E. (Ga.) 47; Board of Education of Preston Ind. Sch. Dist. No. 45 v. Robinson, 84 N. W. (Minn.), 105-106; Commercial Bank of Pennsylvania v. Union Bank of New York, 11 N. Y., 203; Pratt v. Foote, 9 N. Y., 463; 10 N. Y., 599, 601; Mayer v. Heidelbach, 123 N. Y., 332, 9 L. R. A. 50; Daniel v. St. Louis National Bank, 54 S. W., (Ark.) 214; Albers v. Commercial Bank, 85 Mo., 355-356; Howard v. Walker, 21 S. W. (Tenn.), 897; · Reeves, Stephens & Company v. State Bank of Ohio, 8 Ohio State, 466.

But, whatever the decision of the court upon the question of whether or not the check was in fact paid, it is clear that under the facts in this case the City National Bank of Dallas—the agent of Waggoner Bank & Trust Company, and for whose default Waggoner Bank & Trust Company were and are responsible—acted negligently in sending the check in controversy direct to the drawee bank, First Bank of Sagerton. And it further appearing that collection of the check could and would have been made, if other agencies, which could and might have been used, had been employed, the negligence of the City National Bank in so sending the check in question to the drawee bank resulted in the loss to appellant, The Gamer Company, of $1,136.10, the amount found by the trial Court to be due thereon, after crediting the dividends received by City National Bank of Dallas from the bankrupt estate. The trial court, therefore, erred in failing to render judgment in favor of appellant The Gamer Company against Waggoner Bank & Trust Company for such sum.. First National Bank of Corsicana. v. City National Bank of Dallas, 34 S. W., 458, 459;. Pinkney v. Kanawha Valley Bank, 68 W. Va., 254, 23 Am. & Eng. Ann. Cas. (1912B) 115, and the many authorities therein cited, as well as in the note thereto at page 123 of the latter

volume; Pickett v. Thomas J. Baird Investment Co., 133 N. W. (N. D.), 1026; Farley National Bank v. Pollock & Bernheimer, 145 Ala., 321, 2 L. R. A. (N. S.) 194, 177 Am. St. Rep., 44, 8 Am. & Eng. Ann. Cas. 370, 372, and the many authorities cited in note in the latter volume; Authorities cited in note following case named at citation in 2 L. R. A. (N. S.); Winchester Milling Company v. Bank of Winchester, 120 Tenn., 225, 18 L. R. A. (N. S.) 441, and the authorities cited in note thereto; Anderson v. Rogers, 53 Kan. 542, 27 L. R. A. 248, and authorities cited in note to case in latter volume.

But, regardless of the decision of this Honorable Court upon the questions raised in the two foregoing propositions, Waggoner Bank & Trust Company and its agent, City National Bank of Dallas, were clearly negligent, after learning that remittance of the proceeds of instant check would not be made by First Bank of Sagerton, in failing to secure the return of the check to appellant The Gamer Company. And it being undisputed in the evidence that if such check had been returned to appellant The Gamer Company within a reasonable time that appellant The Gamer Company could and would have sent someone to Sagerton to see about the matter, and that such check would have been paid when presented over the counter of the First Bank of Sagerton, appellee Waggoner Bank & Trust Company is clearly liable for the unpaid balance due on the check, and the trial Court erred in not so adjudging.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The Sagerton Hardware & Furniture Company, of Sagerton, Texas, owing The Gamer Company, of Fort Worth, for a bill of merchandise, on October 23, 1907 gave the latter its check for $1435.88 drawn upon the First Bank of Sagerton. The check was currently deposited to its credit by The Gamer Company with the Waggoner Bank & Trust Company, of Fort Worth, the bank with which it did business. The latter, as was its custom, forwarded the check for collection to its correspondent bank at Dallas, the City National Bank. The First Bank being the only bank at Sagerton, the City National Bank forwarded the check to it for collection and remittance. Instead of remitting as instructed, the first Bank on receipt of the check on October 29, marked it as paid, and credited the City National Bank with the amount. The First Bank was badly involved at the time and insolvent. It went into bankruptcy about the 4th of December following. The trial court found, however, that if prior to November 10th, the check had been presented at the counter of the bank and payment in that way demanded, the bank would have had the money with which to pay it.

Not receiving remittance for the check, the City National Bank, about November 1st, telephoned the First Bank of Sagerton in

inquiry concerning its disposition of the matter, and was told that while it had cancelled the check as paid and surrendered it to the Hardware Company, the drawer, it could not remit for it. The First Bank had in fact, on October 30th, surrendered the check as cancelled to the Hardware Company. Thereupon the City National Bank advised the Waggoner Bank & Trust Company of the Sagerton bank's failure to remit for the check. On receiving the advice, the Waggoner Bank & Trust Company, on November 4th, charged back the check to the account of The Gamer Company, and advised the latter that the payment of the check had been refused but the check had not been returned to it. The Waggoner Bank & Trust Company apparently made no effort to obtain the return of the check. A few days later it advised The Gamer Company that it was expecting to receive it. It did not obtain the check, nor did The Gamer Company secure its return. On behalf of the City National Bank it was testified that it made no effort to obtain the check because of the advice of the First Bank of Sagerton that the check had been by it cancelled and surrendered to the drawer.

The City National Bank had been sending checks to the First Bank of Sagerton for collection ever since the latter opened for business some months prior to this transaction. It had been its custom to make collections of checks on that bank only by that means. On account of the latter's high rate of exchange, it at one time had tried to have an express company handle checks for collection there, but the express company had refused. It does not appear that either the Waggoner Bank & Trust Company or the City National Bank in undertaking the collection of the check had any reason to apprehend that the First Bank of Sagerton would not remit for it in accordance with the City National Bank's instruction. The drawer of the check, the Hardware Company, did not have the amount of the check to its credit in the First Bank when it gave the check, but it had arranged with the bank for its payment. No question was made in the case as to the reliability of the City National Bank.

The suit was by The Gamer Company against the Sagerton Hardware & Furniture Company, the Waggoner Bank & Trust Company and the City National Bank. In the pleading, the liability of the City National Bank was rested upon its having surrendered the check to the First Bank of Sagerton. The liability of the Waggoner Bank & Trust Company was predicated upon its surrender of the check and having in effect collected it by receiving credit for it from its correspondent bank. If mistaken as to the liability of the defendant banks, plaintiff sought judgment against the Sagerton Hardware & Furniture Company upon its original liability for the merchandise.

The trial was before the court. Judgment was rendered in favor of both banks, but for The Gamer Company against the Sagerton Hardware & Furniture Company in the amount of the check, less certain credits realized from the bankrupt estate of the First Bank.

The court found that neither of the banks was negligent in its handling of the check. Nor in failing to collect it or obtain its return.

On the appeal of The Gamer Company and the Sagerton Hardware & Furniture Company, the honorable Court of Civil Appeals reversed the trial court's judgment and rendered judgment in favor of the Sagerton Hardware & Furniture Company, and for The Gamer Company against the Waggoner Bank & Trust Company in the amount of the check less the credits referred to, holding also that the Waggoner Bank & Trust Company should recover nothing over against the City National Bank on its cross action. (166 S. W., 428). The Waggoner Bank & Trust Company alone applied to this court for a reversal of this judgment.

We referred the case to the Commission of Appeals for its examination and report. Section B of the Commission was of the opinion, and so reported, that The Gamer Company was clearly not entitled to any recovery against the Sagerton Hardware & Furniture Company; and that the Waggoner Bank & Trust Company was liable because after learning that the First Bank had not paid the check, it did not report the facts to The Gamer Company, and failed to make any further effort to collect the check. It relied upon First National Bank v. City National Bank, 106 Texas, 297, L. R. A., 1918E, 336. 166 S. W., 689, for its holding.

We did not agree with the conclusions of the Commission of Appeals, and accordingly set the case down for argument.

There is nothing in the record to indicate that The Gamer Company agreed with the Sagerton Hardware & Furniture Company to accept the check in payment of its debt against the latter company. In the absence of such an understanding, the giving of the check did not operate as a payment of the debt. For a check to have the effect of payment, the drawer must have the funds to his credit in the bank upon which it is drawn, and the bank must be in position to pay the check on demand. The receipt of a check is not payment for the debt for which it is delivered, if there is no laches on the part of the holder. Daniel on Negotiable Instruments, Section 1623. Here, there was no laches. The bank upon which the check was drawn did not pay it, and evidently had no intention of paying it. It reported to the City National Bank that it could not remit for it. This was equivalent to saying that it could not pay it. A bank which confesses its inability to pay in a customary method, cannot be said to be in position to pay. A check given for a debt upon such a bank

and whose payment by the bank is so refused, is not a satisfaction of the debt. The bank appropriated the check, instead of paying it. With this true, the Hardware Company could not claim that by means of the check it had paid its debt to the Gamer Company.

The Gamer Company is not complaining here of the favorable judgment for the Hardware Company rendered by the Court of Civil Appeals; and the determination of its liability for the original debt is material only in its bearing upon the liability of the Waggoner Bank & Trust Company.

The Waggoner Bank was under no absolute obligation to collect the check. The duty it was charged with was to use due diligence for its collection and due care in its selection of an agency for the purpose. It forwarded the check in accord with business custom to its correspondent at Dallas, a reputable and reliable bank. Its correspondent, in keeping with its custom and having no reason to apprehend that by the means adopted the check would not be duly remitted for, sent it for collection to the drawee bank. It was the only bank at the place of payment. Under this condition, The Gamer Company had no right to expect that a different means of collection would be used, or to require a different method. The correspondent bank was not guilty of negligence, under the circumstances, in sending the check for collection to the drawee bank. First National Bank v. City National Bank, 106 Texas, 297, L. R. A., 1918E, 336, 166 S. W., 689.

We fail to perceive upon what theory the conduct of the Waggoner Bank, after learning that the check had not been remitted for to its correspondent bank, can be held to have been negligent as a matter of law. The decision in First National Bank v. City National Bank furnishes no authority for such a holding. There, the Stockyards National Bank forwarded a check to the drawee bank for collection and returns, with instructions to protest if not paid. It received no returns or notice of protest. More that a month elapsed, during which time it made no effort whatever to ascertain whether the check had been paid or to obtain remittance for it if paid. It did nothing, but ignored the transaction entirely after sending the check for collection, leaving the bank from which it had received the check, and in consequence, the original holder, under the belief that the check had been duly paid by the drawee bank, and giving neither an opportunity for self-protection. We held that its conduct was negligent, as it clearly was.

There is presented here no such state of facts. The forwarding agency used by the Waggoner Bank promptly made inquiry of the drawee bank when it failed to duly receive a remittance for the check. Upon then learning that the drawee bank could not remit for the check, it promptly so notified the Waggoner Bank, and the

latter, in turn, promptly notified The Gamer Company of its non-payment. The Waggoner Bank had endeavored to collect the check in a customary business way. It was not obliged, under the facts, to use an extraordinary method. It was not able to make the collection, but through no negligence of its own or its correspondent, and only because the drawee bank had failed to make payment. It promptly notified the owner of the check of its non-payment. This, we think, fully apprised The Gamer Company of the situation and afforded it opportunity to take for its protection such steps as it desired, either against the drawee bank or the Hardware Company, the drawer of the check. If this action did not terminate the duty in the premises of the Waggoner Bank, save possibly as to obtaining the return of the check, it was sufficient to warrant the trial court's finding substantially to that effect. A bank is not an ordinary collection agency. After it once presents a check for payment to the drawee bank and payment is refused, it is under no absolute duty, in the absence of a special undertaking, to thereafter make repeated presentments of the check. Its ordinary duty, in the absence of instruction to protest, is only to promptly notify the owner of the check of its dishonor, return him the check, and leave him to his own methods for his protection. This, the Waggoner Bank did, except as to returning the check.

The check was not returned by it because it did not regain its possession. While making no payment of the check, the drawee bank marked it paid on the day of its receipt, and on the next day surrendered it as a cancelled check to the drawer. For that reason the City National Bank did not obtain its return and failed to return it to the Waggoner Bank. The physical possession of the check, under the facts, was not absolutely essential to The Gamer Company in order for it to obtain payment from the Hardware Company, or the First Bank if it could do so, or for it to proceed against them because of its non-payment had it seen fit to pursue such a course. It received prompt notice that the check had not been paid. That was the important fact in the situation; and its being promptly brought to the knowledge of the Gamer Company was sufficient to enable it to itself take action in its own behalf. For this reason it is our opinion that a mere failure by the Waggoner Bank to obtain the return of the check did not charge it with negligence as a matter of law.

It is urged that the Waggoner Bank in omitting to advise The Gamer Company that the drawee bank had marked the check as paid but had not remitted for it, and in stating that the check had not been paid, failed to state the real facts. Marking the check as paid was not payment of the check. It was, in truth, not paid. In so

notifying The Gamer Company, we think the Waggoner Bank stated the substantial fact.

In our view the case is one of fact. The trial court found that the Waggoner Bank was not guilty of negligence. It cannot be said that there was no warrant for the finding, and we therefore decline to overturn it.

The judgment of the Court of Civil Appeals as to the Waggoner Bank & Trust Company is reversed, and the judgment of the District Court denying The Gamer Company recovery against it is affirmed. In other respects the judgment of the Court of Civil Appeals is affirmed.

*Reversed in part and in part affirmed.*