**ALEXANDER et ux. v. ALEXANDER et al.**

No. 8587.

Court of Civil Appeals of Texas. Austin.

Dec. 2, 1936.

Rehearing Denied Jan. 6, 1937.

Oscar Callaway, of Comanche, and Baker & Baker, of Coleman, for appellants.

W. H. Lipscomb, of San Angelo, and McCartney & Muse, of Brownwood, for appellees.

BLAIR, Justice.

This is an appeal from an order overruling a motion to vacate an order appointing a receiver ex parte. The litigation arose as follows: Prior to September 25, 1936, W. G. Alexander and C. F. (John) Alexander, brothers, and their sister Ella G. Alexander were partners engaged in the ranching business in Brown and surrounding counties. Each partner owned an equal interest in the partnership. On the date mentioned, W. G. Alexander filed suit in the district court of Brown county, Tex., against the other two partners, seeking to dissolve and wind up the partnership business, to partition the properties, and for an accounting and settlement of the partnership affairs; alleging that the partnership owned a large ranch in Brown county and leased and operated a ranch in Comanche county; that both ranches were stocked with several thousand head of sheep, goats, and cattle, and a few horses; and that the reasonable cash value of the partnership properties was $100,000, but encumbered with partnership debts. The equal joint ownership of all of the described properties by said parties was also alleged, and prayer was for a partition of the properties in accordance with the interest of the joint owners. The defendant Ella G. Alexander filed an answer, in which she set up the partnership and joint ownership of the properties by the three named parties, alleging that owing to discord, ill feeling and lack of harmony between the parties the partnership should be dissolved; and that, under such conditions, the two brothers were incompetent to handle and control the properties, which required the daily and constant care and attention of some competent and efficient person. That such ill feeling and relationship existed between the parties prior to the filing of the suit and prior to the filing of her answer; and that because of such conditions the properties had been and were being carelessly and incompetently handled, and that the same condition would continue during the pendency of the suit for the partition and distribution of the property. She further alleged that she would be excluded from the management thereof, and that her property was in danger of being lost or would depreciate in value, and would be materially injured; and prayed that a receiver be appointed to take possession of and to manage and handle said properties during the pendency of the suit. On September 29, 1936, the court appointed Gus Featherston receiver, authorizing and directing him to take charge of all of the properties and assets belonging to the partnership, which he did.

On October 7, 1936, appellants filed a motion to vacate the receivership, consisting of special exceptions, a general denial, and particularly on the ground that in July, 1936, the three partners had entered into written contracts, which partitioned the property amongst them; and that by reason

of the execution of the contracts there was no partnership in existence, nor joint ownership of the property involved, and that the contracts were being carried out by the parties in accordance with their terms.

W. G. Alexander and Ella G. Alexander denied the existence of any such contracts; that if said contracts ever in fact had any validity, they had been abrogated, both in writing and by parol, by all of the parties to the suit; that if the contracts were valid they were executory, and by their own terms provided for a final accounting and settlement of the partnership affairs.

After a full and complete hearing, the court overruled the motion to vacate the receivership, and continued it in effect pending a hearing of the case on its merits. This appeal is from such order.

■ Appellants contend that the contracts introduced in evidence conclusively showed that an agreed partition had been made of the partnership or jointly owned properties, and that no question was left for litigation with respect to said properties. We do not sustain this contention. If the contracts had not been abrogated, it is clear from their terms that they are executory in nature, leaving many things to be done with respect to a final accounting and settlement of the partnership agreement. Article 2293, subd. 1, R.S.1925, expressly authorizes a receivership, "in an action * * * between partners." A receiver may be appointed when partners disagree, or when a partner has been ousted from participation in the management of the firm's affairs, or when an accounting and settlement is sought, or ordered, or when it is sought to dissolve and wind up the affairs of the firm. It is also the settled rule that in a proper case a receiver may be appointed, although the existence of the partnership is denied, and regardless of whether the business is in full operation, or is in the course of dissolution. It is also further settled that where a partner has been excluded from participation in partnership affairs, he need not show that the property is in danger of loss. 36 Tex.Jur., § 16, pp. 41 and 42, and cases cited in footnotes 3 to 10. The same statute also provides for the appointment of receivers in an action between persons "jointly owning or interested in any property or fund," on the application of one "whose right or interest in the property or fund, or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured." 37 Tex. Jur., § 17, pp. 43 and 44, and cases cited in footnotes 17 to 20.

■ Appellees alleged and proved on the motion to dissolve the receivership sufficient facts to bring them within the foregoing statutory provisions and the rules applicable thereto as announced by the decisions of this state. It is not necessary to discuss at length the evidence, but we conclude that on the motion to dissolve the receivership it was shown that a partnership relation existed; that there was a joint ownership of the properties involved; that there was a lack of harmony, and there was discord and ill feeling existing between all of the parties to the partnership and had been for several months prior to the filing of the suit for dissolution of the partnership, and at the time of the appointment of the receiver; that because of such conditions the properties were being mismanaged and improperly cared for; that the partnership or jointly owned properties were encumbered with joint or partnership debts and liens, and that the contracts relied upon as dissolving the partnership and setting aside to each partner the portion of the property belonging to him or her showed, on their face, that there was no final and effective dissolution of the partnership, and that the contracts themselves provided for a final accounting and settlement of the partnership affairs between the parties; and that things which were provided for in the contracts had not been done.

■ Appellants contend that plaintiff's petition for partition failed to allege the value of the properties in controversy so as to show jurisdiction of the district court of the case. The petition merely alleged that both the real estate and personal property were of the reasonable cash value of $100,000. This, of course, did not allege the respective value of the real estate or of the personal property. The purpose of alleging value is to show jurisdiction; but in the instant case the petition alleged that it was for partition of the real estate as well as the personal property, and that the real estate was situated in Brown county, Tex., where the suit was filed. The district court of Brown county has jurisdiction to partition the real estate amongst joint owners thereof, and having jurisdiction to partition the real estate belonging to the partnership, it certainly has jurisdiction to also partition the personal property belonging to the partnership in the same suit.

Appellants also raise the question in their brief that since the evidence showed a part of the property was leased property, a receivership of such leased property could not be had under the law. Appellants did not raise any question by pleadings nor proof showing that the lease in question was personal to the lessees. The law is settled that a receivership of an estate of a lessee does not necessarily terminate a lease. Where the lease is not personal to the lessee, the receiver may elect to accept the lease, thereby becoming an assignee and liable for rentals. Keton v. Silbert (Tex.Civ.App.) 250 S.W. 316; Jandrew v. Bouche (C.C.A.) 29 F.(2d) 346.

It appears from the record that the only ground really urged by appellants for vacating the receivership was that the contracts in question had already partitioned as between the parties all of the properties of the partnership, or which were jointly owned by them. On their face, the contracts do not purport to fully partition the properties, or to finally settle the accounts of the partnership.

The trial court's judgment will be affirmed.