## SALAS v. GONZALEZ.

### No. 11438.

Court of Civil Appeals of Texas.
San Antonio.

June 14, 1944.

Rehearing Denied July 12, 1944.

See also 181 S.W.2d 823.

Roy A. Scott, of Corpus Christi, for appellant.

Leo Duran, Joe J. Alsup, and Charles G. Lyman, all of Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a motion to vacate an order appointing a receiver. We have jurisdiction of the appeal under the provisions of Article 2250, Vernon's Ann.Stats. Acts 1917, p. 379, as amended, Acts 1943, 48 Leg., p. 456, ch. 305, § 1.

Upon application of plaintiff, Arnulfo Gonzalez (appellee here), the judge of the district court, without notice to the defendant, Gregorio Z. Salas (appellant here), appointed G. R. Garza receiver of the Avalon Theatre, a motion picture house situated in Corpus Christi, Texas, together with all equipment necessary and essential to the operation and maintenance of the theatre.

The order appointing the receiver was dated May 1, 1944. On May 3d Salas filed his motion to vacate the order. No fact issues were raised by the motion and the same was overruled. Salas has perfected an appeal from this ruling.

The allegations of the petition may be summarized as follows: Appellee, Gonzalez, and appellant, Salas, entered into an oral contract of partnership whereby they undertook the operation of a motion picture theatre in a building controlled by appellee and located at 127 Brownlee Boulevard in Corpus Christi. The parties agreed to divide the net profits equally between them. Appellant acted as manager of the theatre and agreed to make a monthly accounting to appellee, but has failed to do so since January 1, 1943. On March 27, 1944, the parties agreed to terminate the contract and appellant agreed to

822

vacate the building by April 30, 1944. Appellant has, however, refused to vacate said premises. Appellant is dissipating the assets of the partnership, and is insolvent. Appellee "has vast sums of money invested in said business and all of said sums would be lost to him unless the court appoints a receiver to take over and supervise the operation of said motion picture house."

The prayer of the petition was for a judgment dissolving the partnership, for an accounting and for possession of the premises involved. The appointment of a receiver was prayed for as ancillary to the final relief demanded, although there was no specific prayer that a receiver be appointed without notice.

■ The petition contained further allegations that appellant had "willingly violated the City Ordinances of the City of Corpus Christi" and that the City had consequently threatened to close the theatre. These allegations and others similar thereto were evidently relied upon for the purpose of showing an emergency which would justify the appointment of a receiver without notice. They are subject to the objection that they state conclusions rather than facts. We doubt the sufficiency of the petition to support the appointment of the receiver without notice and for the purpose of this appeal it may be considered that said petition failed to disclose an emergency which would authorize the trial judge to dispense with the giving of a notice which must generally precede the granting of extraordinary relief by way of receivership.

■ It must be held, however, that the allegations of the petition are sufficient to support the appointment of a receiver under the provisions of Article 2293, Vernon's Ann.Civ.Stats., which provides:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

"1. In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and when it is shown that the property or fund is in danger of being lost, removed or materially injured. * * *" See Alexander v. Alexander, Tex.Civ.App., 99 S.W.2d 1062; 36 Tex.Jur. 41, § 16.

This holding is decisive of the case and necessitates an affirmance of the trial judge's order.

■ Where an appeal is taken from an order appointing a receiver without notice, the question of the sufficiency of the petition to support an appointment without notice is presented. Where the appeal is perfected from an order overruling a motion to vacate the appointment of a receiver, the question upon the pleadings becomes one simply of the sufficiency of the petition to support the appointment of a receiver.

■■ Appellant's motion to vacate consists of exceptions to the petition. It contains no denials and is not sworn to, therefore, the allegations of the petition must be taken as true. The petition states a case authorizing the appointment of a receiver. It is immaterial insofar as this appeal is concerned whether or not the petition is sufficient to authorize the appointment of a receiver without notice.

In J. A. Wotring & Son v. Indemnity Imp. Co., 45 Tex.Civ.App. 300, 100 S.W. 358, 359, it was said:

"The pleadings of appellee and the evidence show that no emergency existed for the appointment of the receiver without notice. * * * This, however, would not be ground for reversal of the order refusing to vacate the receivership and confirming such appointment. Cotton v. Rand [Tex.Civ.App. 92 S.W. 266] supra."

In Grace v. Buhrman-Pharr Hardware Co., Tex.Civ.App., 45 S.W.2d 401, 402, the Court said:

"The petition being sufficient to authorize the judge to appoint the receiver, the remaining question is whether such petition was sufficient to authorize the appointment of such receiver without notice to appellant. We will not determine this question. The appellant filed a motion to vacate the order appointing the receiver, and by so doing he waived all questions incident to the appointment of the receiver without notice. Baptist Missionary and Educational Convention of Texas v. Knox et al., Tex.Civ.App., 23 S.W.2d 781."

See also: Lacey v. Dayton Rubber Mfg. Co., Tex.Civ.App., 270 S.W. 916; San Angelo Hilton Hotel Co. v. B. B. Hail Bldg. Corporation, Tex.Civ.App., 60 S.W.2d 1049; 36 Tex.Jur. 111, § 50.

The order appealed from is affirmed.