## SIMS v. STEGALL et al.
### No. 6237.

Court of Civil Appeals of Texas. Texarkana.
Aug. 9, 1946.

Rehearing Denied Oct. 10, 1946.

H. A. Leaverton, of Carthage, for appellant.

William J. Merrill and S. B. Turner, both of Carthage, for appellees.

HARVEY, Justice.

This is an appeal from an order appointing a receiver without notice to the opposite party. Appellant assigns error to the action of the court in appointing the receiver based upon his contention that no urgent necessity for such appointment was shown; that a temporary injunction would have accomplished the same results; and that the petition filed asserted no independent cause of action and sought no relief other than the appointment of the receiver. The appeal is determined by the construction placed upon the verified petition and the application of principles of law pertinent thereto.

The original petition filed in this suit alleged that Rex Stegall, E. A. McCubbin, and W. R. Sims made an agreement in July, 1945, to operate a business under the firm name of Kilgore Boiler Works, at Carthage, Texas; that all of the capital and equipment of the business was furnished by the two parties first named, and that W. R. Sims was to operate the business, receiving a monthly drawing account of two hundred dollars, with the further agreement that when the capital furnished by the first two above mentioned had been repaid, that Sims was to have a one-third working interest in the business. The further allegations are made in the petition

that since February, 1946, Stegall and Mc-Cubbin have not been able to reach any agreement with Sims with respect to the operation of the business, although repeated attempts to do so have been made by them; that Sims has received about $5000 in cash from the operation of the business, which he withholds from them, and that he continues to operate the business for his exclusive profit and benefit; that he has incurred debts which are past due, and has bills receivable which are overdue and that they are in danger of being lost through non-collection; that property of Stegall and McCubbin has been disposed of by Sims, who has changed the name of the firm to that of W. R. Sims Construction Company, and that he has assumed full control and ownership thereof to the exclusion of Stegall and McCubbin, who as plaintiffs filed suit in Panola County, Texas, asking that a receiver be appointed by the court, without notice, for the purpose of taking charge of the property of the firm, ascertaining the waste already caused by Sims and stopping the operation of the business in order to prevent further waste and loss to the plaintiffs, until the rights of all the parties to the suit could be determined and justly distributed to those entitled to share therein.

Where appeal is from an order appointing a receiver without notice, and no sworn denial of the allegations of the petition is filed, and no verified motion to vacate the order appointing the receiver, denying such allegations in the petition is filed, the allegations of the petition on appeal are taken as true. Salas v. Gonzalez, Tex.Civ.App., 181 S.W.2d 821. The question then presented is whether or not the petition alleges sufficient facts upon which the trial court is authorized to appoint a receiver.

Article 2293, R.C.S. of Texas, provides:

"Receivers may be appointed by any judge of a court of competent jurisdiction of this State, in the following cases:

"1. In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured * * *."

The petitioners in the trial court (appellees) brought their action clearly within the terms of Sec. 1 of the statute to which reference is made above. We think the allegations of the petition were sufficient to authorize the trial court to proceed with the appointment of a receiver in the suit. No verified motion to vacate the order of appointment having been filed, it is immaterial as to whether or not the petition alleged such facts as to present an emergency under which the appointment was authorized to be made without notice.

A distinction between receiverships arising out of an equitable state of facts and those appointments made by courts under statutory authorization should be noted. In the former class, it is requisite that an independent ground of action or recovery be stated, the application for a receivership being ancillary to the main suit; in the latter type of cases, it is unnecessary that such an independent cause of action exist. United North & South Oil Co., Inc., v. Meredith, Tex.Com.App., 272 S.W. 124; Tex.Jur.Vol. 36, p. 98, Sec. 45; Alexander v. Alexander, Tex.Civ.App., 99 S.W.2d 1062.

Aside from the rule of law above referred to with respect to the fact that it is unnecessary that an independent cause of action be declared upon in certain cases in order for the trial court to be authorized to appoint a receiver, we are of the opinion that a proper construction of plaintiffs' petition filed in the court below asks for relief other than the appointment of a receiver. In the prayer, a receiver is prayed for "until the rights, title and interests of all parties concerned can be properly determined and thereafter justly distributed to those rightfully entitled thereto." By a fair construction, this means that an accounting of partnership affairs is sought and a dissolution of the partnership declared, with a distribution of such assets as may be on hand to those rightfully entitled thereto. It is true that the appoint-

ment of a receiver is a harsh proceeding and should be granted only when clearly authorized by statute, or where the equities indubitably justify such an action by the court under recognized rules of procedure. Courts frown upon such proceedings and are loath under the guise of judicial sanction to take from one person property in his possession to which he has the legal title and place it in the hands of another party, thereafter adjudicating the legal rights of the ones claiming equities in the property in controversy. Still, as in this case, when one brings himself within the statute, or in other types of cases equitable grounds are shown, the trial court is acting within his judicial discretion in granting the application for the appointment of a receiver.

Finding no error in the action of the trial court in appointing a receiver herein without notice, the judgment is affirmed.