## PITTS et al. v. G. F. C. CORPORATION.
### No. 14205.

Court of Civil Appeals of Texas. Dallas.
Feb. 10, 1950.

On Motion to Correct Judgment
March 10, 1950.

Andress & Ramsey, Dallas, for appellants.

Burt Barr, Dallas, for appellee.

YOUNG, Justice.

The appeal was from an order overruling motion to vacate the ex parte appointment on August 3, 1949, of J. T. Ormond as receiver of a mortgaged automobile.

Edwin C. Pitts and R. E. Shutt, d/b/a R. E. Shutt Motor Company, were defendants below in appellee's suit for debt and foreclosure. Prior to the instant proceedings and in April 1949, Pitts had purchased a 1946 Chevrolet car from Shutt, price $1,-704.94, terms $565 cash and an installment note for $1,139.94 payable $63.33 per month beginning May 15, with chattel mortgage taken as security. Appellee finanace company thereafter purchased the note and mortgage contract; its aforesaid petition of August 3, 1949 asking for ancillary relief by way of receivership; alleging failure by Pitts to pay the July 15 installment, declaring the entire debt due and payable in consequence, claiming insolvency of Pitts and that the value of said automobile was insufficient as security and fast depreciating in value; praying for immediate receivership under art. 2293, subdv. 2, Vernon's Ann.St., providing for such relief when the mortgaged property was in danger of being lost, removed, or materially injured. It was further alleged that defendant Shutt was asserting some interest in subject matter of suit, but such interest was inferior to rights of plaintiff.

Defendants' motion to vacate the receivership was filed September 22, alleging that Pitts had paid the July installment prior to filing of suit; also charging as false and fraudulent plaintiff's allegations that the property had no value in excess of $500. A full hearing was had on the motion of date November 8 prior to refusal thereof.

In supplemental transcript appears plaintiff's trial amendment filed October 13 "with leave of court first had and obtained." Said amendment alleged as additional grounds for appointment of receiver that on or about July 25, 1949 Pitts had transferred said car to defendant Shutt, the latter at same time issuing his check drawn on Texas Bank & Trust Company, Dallas, payable to G. F. C. Corporation for balance due on the mortgage note ($884.37), on receipt of which plaintiff had turned the certificate of title over to debtor Pitts; that the draft or check was refused by the bank, plaintiff then demanding of Pitts a return of title papers, the latter stating that they had been redelivered to defendant Shutt. It was further alleged that some time before August 16, 1949 Shutt had released the mortgage of plaintiff and through the State Highway Department had caused a new certificate of title to issue showing the car as owned by Pitts, but against which was a lien owned by R. E. Shutt in sum of $884; but that said Pitts did not sign the new certificate of title nor did he owe his codefendant the sum of money reflected by such new certificate.

Testimony at the hearing disclosed that the finance company had given receipt to Pitts in full of the mortgage debt on his presentation to it of the Shutt draft dated July 25 for $884.37, turning over to him and releasing lien on original title certificate to the car, expecting the check to be promptly paid. To the contrary the check was returned to the finance company unpaid with notation that title instrument should have been attached. Joe Lewis, plaintiff's office manager, testified in such connection that, the draft remaining unpaid, he had called both Pitts and the Shutt office for return of title certificate, the former stating that he had sold and delivered the car to Shutt along with surrender of certificate of title; the latter's office reporting the car as on lot awaiting sale, refusing to restore title papers to G. F. C. Corporation; and that it was at this juncture that the receivership proceeding ensued. Defendant Pitts testified that Shutt had traded him another car for the formerly owned '46 Chevrolet; that he (Pitts) had authorized Shutt to sign his name to the August 16 certificate of title as owner, but that he did not own the car nor did he owe Shutt a mortgage debt thereon as it recited. It also appears that at time of receivership appointment the July 15 installment on the car in question had been paid.

 While appellee has mistakenly charged failure of mortgagor to pay the July 15 installment on the note as basis for appointment of receiver, the pleading, with later trial amendment embodied, is sufficient to warrant the action taken (receiver-

ship) on other grounds; the testimony adduced on the later hearing being well in support of plaintiff's amplified pleading. Of course, in the same connection, by their motion to vacate the order of appointment, appellants have waived all questions incident to regularity of the appointing order. Cocke v. Naumann, Tex.Civ.App., 188 S.W. 2d 781; Salas v. Gonzales, Tex.Civ.App., 181 S.W.2d 821; Batchelor v. Pacific Finance Corporation, Tex.Civ.App., 202 S.W. 2d 857. "* * * it has been decided that any defect or error incident to an appointment without notice is cured or waived where the adverse party appeared and moved for the vacation of the order of appointment, and the court adhered to its action, and in effect reappointed the receiver after a hearing." 36 Tex.Jur. sec. 50, p. 112.

■ Appellants further assert error in the court's refusal to vacate the receivership, it affirmatively appearing that the plaintiff has released its lien on the automobile. "With the exception of a few jurisdictions, the authorities are unanimous in supporting the rule that the giving of a draft or bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the draft or check is accepted on condition that it shall be paid. * * * The debt is not discharged until the check is paid, * * *." 40 Am.Jur., sec. 72, pp. 763, 764. Waggoner Bank & Trust Co. v. Gamer Co., 113 Tex. 5, 213 S.W. 927, 6 A. L.R. 613. "* * * In case the check is not honored on presentation, the original indebtedness for which it was given is not discharged, and the creditor may recover on such indebtedness, without relying on the liability on the check. * * *." 40 Am.Jur. p. 765. It is strongly argued that under testimony of Lewis, appellee's manager, the check or draft was taken as in absolute payment and discharge of the Pitts obligation; but, as the trial court has impliedly found, the check was simply accepted by Lewis in full expectation that it would be promptly paid; being in effect no more than a conditional discharge of the

debt. In Bailey v. M. G. Clark, Tex.Civ. App., 206 S.W.2d 96, 97, on facts strongly analogous, the trial court rejected such a contention, holding: "We cannot construe this testimony as meaning anything more than that this check was given and accepted in the usual and customary way in which all checks are given and accepted, and subject to the well recognized rule of law that if the check is not paid when presented there is no extinguishment of the original debt."

■ Appellants point to the fact of no evidence in the record in proof of plaintiff's allegation of insufficient value of the property to discharge the mortgage debt. The relief here sought was alleged as under the first clause, subsection 2, art. 2293, Vernon's Ann.Civ.St., "* * * when it appears that the mortgaged property is in danger of being lost, removed or materially injured"; and quite relevant to this provision of the statute was evidence that just prior to filing the August petition for receiver, plaintiff's manager had been informed that the car in question was then on the lot of defendant Shutt subject to immediate sale.

However, we do not think that the trial court would be warranted in ordering a sale of this property pending a trial of the cause on its merits; which action the record indicates is under consideration. The described automobile is the chief res or subject matter of suit; and should remain in custodia legis for adjudication of conflicting claims relative thereto in a final and expeditious trial.

The trial court's order continuing receivership in force is affirmed.

CRAMER, J., not sitting.

On Motion to Correct Judgment.

■ Sale of the impounded automobile was stayed pending disposition of appeal challenging validity of receivership order. We have now confirmed aforesaid order of appointment but doubt our jurisdiction or authority to otherwise limit the trial court's discretion with respect to its further interlocutory orders. That part of original opinion ordering a stay of sale pending final trial is therefore withdrawn.